CLAY, Circuit Judge,
dissenting.
Congress enacted the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. § 1001 et seq., to “protect ... the interests of participants in employee benefit plans” by “providing for appropriate remedies, sanctions, and ready access to the Federal courts.” § 1001(b). ERISA is supposed to constitute a statutory tool for providing access to courts and creating statutory rights, not stripping employees of their legal rights and remedies. In this case, Defendant Commonwealth General Corporation (“CGC”) is attempting to use ERISA as both a sword and a shield, asserting that Plaintiffs state law breach-of-eontract claims are preempted because they arise under ERISA, and then fending off liability under ERISA by *746 asserting that Plaintiff’s claims, as pled, are not covered by ERISA. CGC’s duplicitous use of the ERISA statute to wield off liability is not only inconsistent with the purpose and policy of ERISA; it is legally incorrect.
Plaintiff was a long-time employee of CGC. As such, he accrued non-forfeitable pension benefits over the term of his employment, which were payable from the Commonwealth General Corporation Retirement Plan (now AEGON Companies Pension Plan, or “the Plan”). The Plan is an entity independent of the company, CGC.
In 1999, Plaintiff made an agreement directly with his employer, CGC, to receive additional deferred compensation in exchange for agreeing to retire at a specified date. This incentive was separate and distinct from Plaintiffs previously accrued pension benefits. The additional deferred compensation that CGC agreed to provide was not payable from the Plan, but rather from a non-qualified excess benefit plan. Presumably, CGC was responsible for arranging and funding the non-qualified excess benefit plan.
The terms of Plaintiff’s agreement with CGC were reflected in the Voluntary Employee Retention and Retirement Program (“VERRP”). In consideration of the benefits provided under the VERRP, Plaintiff agreed not only to retire on a certain date, but also to waive and release his employer, CGC, from any and all claims, demands, lawsuits, and liabilities not expressly reserved. CGC sent Plaintiff a booklet containing various forms and contracts on February 1, 2000, and Plaintiff executed the paperwork on February 28-29, 2000.
After Plaintiff retired at the agreed-upon date, he received payments for about eleven years without incident. As it turns out, these payments, which totaled the amount owed to Plaintiff for both the pension benefits payable from the Plan as well as the enhanced compensation not payable from the Plan, were both being made by the Plan. Over a decade after Plaintiff retired and began receiving pension benefits, and without any warning, Plaintiff was informed that his benefit had actually been paid by the wrong party, and that party— the Plan — demanded recoupment. Apparently, CGC had not arranged for Plaintiff’s benefits to be paid from the non-qualified excess benefit plan as agreed. In other words, CGC had breached the agreement.
CGC would now like to push the blame for this apparent mix-up onto the Plan and escape liability for its failure to make payments to Plaintiff as agreed. While the Plan may be liable in its own right for violations under ERISA,[1] CGC might certainly be liable as well. Whether Plaintiffs claim against CGC is cognizable as a state law breach of contract claim or a federal claim for benefits pursuant to ERISA, Plaintiff must have some remedy available to him. CGC’s attempt to have it both ways — casting Plaintiff’s claim as an ERISA claim for benefits that is preempted by federal law in state court and alleging that Plaintiff failed to state an ERISA claim under federal law — cannot and should not prevail. ERISA is, among other things, a tool to enable employees and beneficiaries to assert their rights; it is not a weapon to protect employers for wrongfully denying these rights, or for breaching agreements with employees that only nominally relate to benefits. See Marks v. Newcourt Credit Grp., Inc., 342 *747 F.3d 444 (6th Cir.2003) (“[W]e will not conclude that state-law claims are preempted where their effect on employee benefits plans is merely tenuous, remote or peripheral.”) (internal quotation marks omitted).
Furthermore, it defies both logic and basic standards of fairness for the Court to allow removal on the basis that Plaintiffs complaint contains a cause of action sounding in ERISA, and then to grant Defendant’s motion to dismiss and enter final judgment against Plaintiff because his claim, as pled, fails to state a claim under ERISA, without allowing Plaintiff the opportunity to amend his complaint and recast his claim as an ERISA claim. The prevailing practice in this Circuit and others is to grant a party whose state law claims have been removed on the basis of complete preemption leave to file an amended complaint, allowing them to state a cause of action under ERISA. See, e.g., Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 411 (6th Cir.1998) (following removal of state-court action on the basis of complete preemption of state common law claims, plaintiff filed amended complaint, asserting several causes of action directly under ERISA).
Rule 15 of the Federal Rules of Civil Procedure instructs that leave to amend “shall be freely givenf.]” Fed. R. Civ. Pro. 15(a)(2). The opportunity to amend is especially important in cases like this, where a state law claim is removed to federal court on the basis of complete preemption. We cannot expect a court to construe and analyze the claims set forth in a state law complaint as claims for benefits under ERISA without allowing the parties an opportunity to frame their claims as such. The majority’s naked assertion that amendment would have been “futile” is not only speculative, but also unsupported by the facts of this case.[2] Majority Op. at 745. Because I believe that the district court erred by denying Plaintiff the opportunity to amend his complaint to state a claim under ERISA, I respectfully dissent.

. Whether the Plan is independently liable for violating ERISA is not a question before the Court in the present case. The dissent expresses no opinion on the Plan’s potential liability for ERISA violations.

. Although we usually review a district court’s order denying a Rule 15(a) motion to amend under a deferential abuse of discretion standard, we review the denial of a Plaintiff’s motion to amend de novo where the district court denied the motion for leave to amend on the basis of futility. Riverview Health Inst. v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir.2010).